*CTD*

*ORIGINAL*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

DAVID SELLERS,

                Plaintiff,

      -against-

ROYAL BANK OF CANADA, RBC USA
HOLDCO CORPORATION, RBC CAPITAL
MARKETS CORPORATION, LLC,
AND JOHN DOES 1-5

               Defendants

---------------------------------------------------------x

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:**
**DATE FILED:** JAN 3 0 2014

**12 Civ. 1577 (KBF)**

**PLAINTIFF'S LOCAL CIVIL**
**RULE 6.3 MOTION FOR**
**RECONSIDERATION**

*Ordered*
*motions denied.*
*K̶ B. [signature]*
*1/29/14*
*1/27/14*

## I. Introduction

Pursuant to Local Civil Rule 6.3 *pro se* Plaintiff moves for this Court to reconsider its

Memorandum Decision and Order (ECF No. 108, hereinafter "Court's Decision"), which grants

Defendants' Motion for Summary Judgment (ECF No. 76).

      Plaintiff understands that motions for reconsideration are generally disfavored, but that

the efficient administration of justice sometimes requires that the Court be afforded the

opportunity to weigh its judgment and consider amendments or alterations prior to an appeal.

Plaintiff's "Notice of Appeal" is submitted at the same time as his Motion.

      Pursuant to Local Rule 6.3 a Motion for Reconsideration must be filed "…within

fourteen (14) days after the entry of judgment." The Clerk's Judgment in this case was filed on

January 13, 2014 (ECF No. 110) and January 27, 2014 is 14 days after that date.

*Copy to :*
*David Sellers*
*24 East Prospect St.*
*Hopewell, NJ 08525*

## II. Preliminary Statement

According to Rule 56.1 any decision granting Summary Judgment must be supported by three legs: (1) no material facts are in dispute; (2) the moving party is entitled to summary judgment as a matter of law; and (3) the Court must have viewed the facts in the light most favorable to the non-moving party and given that party the benefit of all reasonable inferences that can be drawn from those facts. (See Section IV below for citations)

In its Decision the Court dutifully recites the legal requirements for Summary Judgment. (ECF No. 108, pp. 8-10)

However, the Court then turns its back on those requirements when it ignores numerous disputed facts and fails to interpret the facts in the light most favorable to the non-moving party, i.e., the *pro se* Plaintiff. The question of whether the moving party is entitled to Summary Judgment *as a matter of law* must necessarily hinge on the answer to the question of whether material facts remain in dispute. The Court's inability and/or unwillingness to acknowledge numerous disputed material facts undermines and renders moot, *for the purpose of Summary Judgment,* its analyses of the case law bearing on the Plaintiff's claims.

The Court's Decision also pays lip service to the legal requirement that it "...must 'liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest.'" (ECF No. 108, p. 9, ¶3, citing Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007)) In reality, the Court's decision does exactly the opposite by dismissing out of hand every single one of the *pro se* Plaintiff's arguments and asserted facts, ignoring all of the *pro se* Plaintiff's evidence, and giving every benefit of doubt to the Defendants and none to the *pro se* Plaintiff. The Court's unsupported inference that the *pro se* Plaintiff relies merely upon the "allegations of the complaint" (ECF No. 108, p. 10, ¶) is

2

completely gainsaid by the Plaintiff's Rule 56 pleadings and is cynical insofar as the Court
ignored the vast majority of Plaintiff's arguments, statements of fact and admissible supporting
evidence.

The Court's Decision hinges on its claim that "...plaintiff does not dispute the vast
majority of relevant facts presented by the defendants..." (ECF No. 108, p. 3, ¶2). However, this
statement is absolutely and unequivocally contradicted by the record. No fair and impartial
reading of the Plaintiff's Rule 56.1 pleadings could possibly draw this conclusion. (ECF No. 99,
pp. 1-35; ECF No. 97, pp. 1-31; ECF No. 109, pp. 3-5, p. 7, ¶3, p. 16, ¶2) In fact, the Plaintiff
does dispute the vast majority of relevant facts presented by the Defendants.

The veracity of the Court's claims that "plaintiff does not dispute" or "plaintiff disputes
none of these assertions" or "plaintiff acknowledges" and references to "his undisputed
admissions" etc., and variations on this theme, may be tested with just one of a number of
examples of disconnect between the Court's statements and Plaintiff's actual words, i.e., reality.

Concerning the Defendants' alleged undisputed material fact #50, the Court says (ECF
No. 108, p. 6, ¶2):

> *But Plaintiff does not dispute that he was not required to arrive or depart at the office
> at any particular time, take lunch or rest breaks for prescribed time periods, or clock in
> or out.(Defs. 56.1 ¶50.)*

Here is what the Plaintiff actually said (ECF No. 99, p. 16, #50):

> *50. (a) Object to admissibility of the asserted fact because the affiant Mr. Shields failed
> to attest to the truth, accuracy and authenticity of the evidence cited (See Defendants'
> Shields Aff. Ex. B), and because the evidence cited includes only the drafts and not the
> invoices signed by the Plaintiff and approved by the affiant Mr. Shields, which, tellingly,
> Defendants did provide to the EEOC. (b) Object to admissibility because the evidence
> cited by the Defendants does not prove their statement, which requires a comparison of
> Plaintiff's actual hours to the hours of a regular employee with comparable assignments
> and responsibilities, which they do not do. (c) Dispute because Plaintiff was in fact
> expected to maintain the same schedule as a regular employee, including being in his
> office during regular business hours, **as evidenced by the Plaintiff's invoices approved***

3

**by RBC supervisor and manager, Patrick Shields.** *Also refer to ¶52 below.* <u>*See*</u> *Sellers Aff. Ex. 16-19, and Ex. 2: EEOC 136-177 of 262.* <u>*See also*</u> *Additional Facts No. 11, 12, 15, 17, 18 below.)*

This is just one example suggesting that the Court did not read the *pro se* Plaintiff's actual Rule 56.1 pleadings. In any case, the Court appears to have ignored the Plaintiff's actual statements and, in effect, *deemed* every single disputed material fact to be admitted.

The Court sidesteps Rule 56.1 requirements when it broadly mischaracterized "most" of Plaintiff's numbered responses to Defendants' alleged undisputed material facts as "…sweeping denials of defendants' position rather than factual disputes." (ECF No. 108, p. 8, fn. 4) The Court's Decision completely ignores the vast majority of Plaintiff's 92 rebuttals, comprising 84 discrete disputes and 60 objections, as well as Plaintiff's 44 Statements of Additional Material Facts, as well as Plaintiff's numerous points of admissible supporting evidence. <u>The Court evidently seeks to banish the disputed facts from reality by simply denying their existence. This approach contravenes the spirit and the letter of Rule 56.1 requirements and amounts to willful blindness: the Court could have and should have considered, but instead disregarded, numerous facts set forth in the Plaintiff's Rule 56.1 pleadings.</u>

Plaintiff's Rule 56.1 numbered responses and additional material facts are specific and supported by admissible evidence. The Defendants' Reply failed to challenge Plaintiff's factual statements with the numbered specificity required by Rule 56.1. Further, it is important to note that in no place did the Court's Decision find that Plaintiff's factual statements failed to comply with Rule 56.1 standards or that Plaintiff's supporting evidence was inadmissible according to Federal Rules of Evidence. As noted, in no place does the Court expressly deem disputed facts to be admitted.

Indeed, the Court's decision hews so closely to the Defendants' arguments and factual assertions that a reasonable and impartial person could be forgiven for concluding that the Court is merely following the Defendants' playbook. It is difficult to imagine how the Court's Decision would differ if it had been written by the Defendants.

### III. Local Civil Rule 6.3 and FRCP Rule 59(e) Standard for Relief

Motions for reconsideration in the Southern District of New York are governed by Local Civil Rule 6.3, which states, in part, that the motion shall "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Loc. Civ. R. 6.3.

Motions for reconsideration under Local Civil Rule 6.3 are evaluated under the same strict standard that applies to motions for reconsideration under Federal Rule of Civil Procedure 59(e). *E.g.*, *Employers Ins. of Wausau v. News Corp.*, No. 06 Civ. 1602 (MBM), 2006 WL 2564394, at *1 (S.D.N.Y. Sept. 5, 2006). A motion to reconsider under Rule 59(e) should be granted to correct a clear error, whether of law or of fact, and to prevent a manifest injustice. Firestone v. Firestone , 76 F.3d 1205, 1208 (D.C. Cir. 1996) (the four grounds for reconsideration are: to prevent manifest injustice, to accommodate for an intervening change in controlling law, to account for newly discovered evidence, or to correct clear error of fact or law); (EEOC v. Lockheed Martin Corp. 116 F.3d 110, 112 (4th Cir. 1997). So long as the Rule 59(e) motion is timely filed, the courts have considerable discretion. Lockheed Martin Corp., 116 F. 3d at 112. Although the courts are not required to consider new legal arguments, or mere restatements of old facts or arguments, the court can and should correct clear errors in order to preserve the integrity of the final judgment.

## IV. Court's Decision Fails to Meet Legal Standard for Summary Judgment

Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from those facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The Court's Decision dutifully recites the legal requirements for Summary Judgment and then proceeds to contravene those requirements. Any *impartial reading* of the Plaintiff's Opposition[1] (ECF No. 97) and Rule 56.1 Response and Statement of Additional Material Facts[2] (ECF No. 99) and Sur-reply in Opposition[3] (ECF No. 109) must lead to the conclusion that numerous material facts remain in dispute and that this Court's Decision, in reality, has turned Rule 56.1 on its head by 'viewing all the facts in the light most favorable' to *the moving party* and giving *the moving party* 'the benefit of all reasonable inferences that can be drawn from those facts.'

The Defendants' own Reply pleadings unwittingly supplies *prima facie* evidence that material facts remain in dispute and introduces new disputes.

---

[1] PLAINTIFF'S OPPOSITION TO DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT (ECF No. 97).

[2] PLAINTIFF'S RULE 56.1 RESPONSE TO DEFENDANTS' RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS and PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS REQUIRING THE DENIAL OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 99).

[3] PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' REPLY MEMORANDA (ECF No. 109)

The Court's repeated finding that all of Defendants' asserted material facts are undisputed and that, implicitly, all of the Plaintiff's material facts may be dismissed, ignored or deemed admitted is, simply, not tenable. Whether a specific asserted fact is material or immaterial, or disputed or undisputed, cannot be determined without examining each fact in light of Local Rule 56 standards, which cannot be done in the context of a Motion for Reconsideration.

However, a simple numerical review serves to refute the premise that no material facts are in dispute, and to question the fairness and impartiality of the Court's Decision:

1. The Defendants allege that 92 material facts are undisputed. (ECF No. 78, pp. 1-17) The Plaintiff's response includes 84 reasons for disputing these alleged facts, each supported by admissible evidence, 60 reasons for objecting to the admissibility of Defendants' facts, and 33 admissions (a number with qualifications). (ECF No. 99, pp. 1-27). The Defendants' Reply (ECF Nos. 101, 102) does not even attempt to refute the Plaintiff's disputes and objections *with the specificity required by Rule 56.1*. Given Plaintiff's and Defendants' numerous conflicting Rule 56.1 statements, the Court's assertion that no material facts remain in dispute is simply incorrect and implausible. As noted, without saying so, the Court has deemed every single disputed fact to be admitted. This is exactly what the Defendants requested in their so-called "Comparison Chart," (ECF No. 102, pp. 8-43) *and exactly what the Court denied doing in its Decision* when it said "...The Court has not relied on the Defendants' comparison chart in its decision." (ECF No. 108, p.8, fn. 4) The inability and/or unwillingness of this Court to admit that many facts remain disputed effectively denies the *pro se* Plaintiff his right to a fair and impartial consideration of his Rule 56.1 pleadings.

2. The Plaintiff's Rule 56.1 Statement of Additional Material Facts articulates 44 additional undisputed material facts. (ECF No. 99, pp. 27-35) Importantly, the Defendants' Objections and Reply[4] fails to dispute, *with the specificity required by Rule 56.1*, a single one of Plaintiff's additional facts. Rather, the Defendants seek to evade Rule 56.1 requirements but still discredit the Plaintiff's positions by lumping them together under several broad, sweeping objections (ECF No. 102, p. 2, ¶2). Defendants admit to waiving their Rule 56.1 right to reply when they write: "…Defendants do not dispute any fact that the Court finds material and based on admissible record evidence." (ECF No. 102, p. 2, ¶1) In the absence of any objections or disputes *that comply with the requirements of Rule 56*, or a Court finding that Plaintiff's facts are inadmissible on their face, *these facts remain uncontested*, and the Court must *for the purposes of Summary Judgment* deem them to be admitted. However, this Court simply ignores as it turns its back on the Plaintiff's many uncontested material facts. The Court offers no explanation why Plaintiff's uncontested facts should not be deemed admissible for the purpose of Summary Judgment. By any reasonable *and impartial* standard, it is highly implausible that none of these Additional Facts is material and admissible, as the Court would have it.

3. The Court supports its Decision with a small number of what it considers to be the undisputed material facts. The Court's Decision overwhelmingly and uncritically relies on the Defendants' statements of fact.[5] (ECF No. 108, pp. 1-8) Tellingly, the Court repeatedly declines to balance Defendants' asserted facts with Plaintiff's corresponding disputes or objections. Overwhelmingly, the Court accepts the Defendants' statements of

---

[4] DEFENDANTS' OBJECTIONS AND REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTSAND OBJECTIONS TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS (ECF No. 102).

[5] The Court cites Defendants' Rule 56.1 pleadings 72% of the time (64 references) and the Plaintiff's statements of fact 28% of the time (25 references).

fact for face value and never once questions them. The Court never once challenges or doubts the Defendants' narrative. In telling contrast, the Court over and again seeks to rhetorically and unfairly discredit the Plaintiff's statements. The Plaintiff's statements are described by the Court as claims (6 times), admissions (5 times), assertions (2 times), allegations (2 times), and arguments (1 time). The Court repeatedly incorrectly claims that "Plaintiff does not dispute," which echoes similar incorrect and misleading statements made by the Defendants in their Motion papers. As illustrated above, in reality, in many if not most instances where the Court uses this wording, the record shows that the Plaintiff *does dispute*. The Court further seeks to unfairly discount the credibility of the *pro se* Plaintiff's factual assertions by referring to them as "Plaintiff's say-so" (3 times). An impartial reader might reasonably ask why, in the Court's Decision, the Defendants *never once* "claim," or "admit," or "assert," or "allege" or "argue" their facts, or why the Court *never once* says that the "Defendants do not dispute," or why the Court *never once* deems the Defendants' factual assertions to be "say-so." The Court's choice of language is a telltale that, (1) contrary to Rule 56.1, the Court has viewed all the facts in the light most favorable to the moving party and has given that party the benefit of all reasonable inferences that can be drawn from those facts, and (2) contrary to the law concerning *pro se* pleadings, this Court did *not* liberally construe the *pro se* Plaintiff's pleadings and briefs, or read such submissions to raise the strongest arguments they suggest. (Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007), as cited by the Court at ECF 108, p. 9, ¶3)

4. The Court applies one standard to the Plaintiff's factual assertions, and the opposite standard to the Defendants' assertions. Just one example is when the Court seeks to

dismiss a number of the Plaintiff's facts and objections by asserting that "...plaintiff makes the same claim –that he "was an employee but for RBC's misclassification of his employment status..." [and that] "Even construed liberally, this statement is a legal conclusion not a factual allegation. Therefore, the Court need not credit it as a fact on a motion for summary judgment." (ECF No. 108, p. 3, fn. 1) However, the Court does an about-face and 'credits as facts' and relies upon the numerous factual allegations made by Defendants that are explicitly based on the "legal conclusion" that the Plaintiff's employment status was properly classified as an independent contractor. The Plaintiff objected to a number of the Defendants' alleged undisputed facts because they were "...not a fact at all but an argument and a conclusion..." [or were] "...based upon a disputed premise and not a fact..." (ECF No. 99, ¶¶1, 3, 28, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 51, 58, 63)  <u>The Court's blatant double standard illustrates how far the Court was willing to go in its Decision to *favor the moving party* over the *pro se* Plaintiff, contravening Rule 56.1 requirements.</u>

5. Any fair comparison of the Court's Decision and the Defendants' arguments and facts reveals a degree of concordance that is highly unlikely to occur with an impartial Court. On the flip side of that coin, the Court's complete disregard for the *pro se* Plaintiff's arguments and facts is highly unlikely to occur with an impartial Court. The Court's disregard of the Plaintiff's Rule 56.1 pleadings is so thorough that a reasonable person could question whether the Court even read them. For example, the Court repeats the Defendants' "same-actor" defense (ECF No. 108, p. 22, lines 8-19 – p. 23, lines 1-3) without any reference whatsoever to the Plaintiff's substantial rebuttal of this argument. (ECF No. 97, pp. 24-26)

## V. Impartiality Compromised in Prior Proceedings

Impartiality has been a defining feature of the Anglo-American judge's role in the administration of justice for the obvious reason: in a constitutional order grounded in the rule of law, it is imperative that judges make decisions according to law, unclouded by personal bias or conflicts of interest. Accordingly, every federal judge takes an oath to "faithfully and impartially discharge and perform all the duties" of judicial office;[6] and the Due Process Clause of the Fourteenth Amendment to the United States Constitution has been construed to guarantee litigants the right to a "neutral and detached," or impartial, judge. Moreover, in a democratic republic in which the legitimacy of government depends on the consent and approval of the governed, public confidence in the administration of justice is indispensable. It is not enough that judges *be* impartial; the public must *perceive* them to be so. The Code of Conduct for United States Judges therefore admonishes judges to "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary" and to "avoid impropriety and the appearance of impropriety in all activities."[7]

In the proceedings that culminated in the Court's Decision, the Court has not been impartial in its review of the facts, has suspended the Rules to the Defendants' advantage, and ignored the Plaintiff's well-supported claims that Defendants have repeatedly made factually incorrect and misleading statements. A simple Google search reveals that judicial bias against *pro se* plaintiffs in particular has been a problem for the judiciary, especially given the growing volume of *pro se* cases and the effects of judicial budget cuts and sequestration on the courts. The Court's adjudication of this *pro se* Plaintiff's Amended Complaint appears to be a classic

---

[6] 28 U.S.C. § 453.
[7] Code of Conduct for United States Judges, Canon 2A.

11

example of this bias, where the end, i.e., avoiding a *pro se* trial, justifies the means, i.e., ignoring or dismissing the *pro se* Plaintiff's arguments, facts and evidence in the process of granting Summary Judgment. In this respect, at least, the interests of the Court and the Defendants are aligned in a way that defeats the fair (if not efficient) administration of justice.

The record in this case strongly suggests a pattern of bias, culminating in the Court's Summary Judgment Decision:

- The Court did not respond to a single one of the Plaintiff's well-supported claims that the Defendants repeatedly made false and misleading statements to the Court (ECF Nos. 24, 45, 57 (pp. 4-6 of 14), 60, 109).

- The Court ignored Defendants' flagrant abuse of discovery practices, and violations of the spirit and letter of FRCP Rules 1, 26 and 37 (ECF Nos.45, 49, 52, 55, 66), which, among other disadvantages, made it impossible for the Plaintiff to depose witnesses, which did not concern the Court in the least.

- The Court ignored Defendants' patently unsupported and misleading claims concerning discovery and granted every single one of their requests, and denied every single one of the Plaintiff's discovery requests (Plaintiff's ECF Nos. 52 & 66 and Judge's memo endorsements to ECF Nos.55 & 63).

- After the first Judge assigned to this case (Judge Griesa) vacated the Plaintiff's Motion for Default Judgment (ECF Nos.26, 27, 31, 32, 33), the second judge (Judge Forrest) ordered the Plaintiff to resubmit his Motion (ECF No.36, 39), which was immediately denied (ECF Nos.40), i.e., it appeared "dead on arrival," having the effect of harassing, intimidating and discouraging the *pro se* Plaintiff, evidently an increasingly common judicial response to *pro se* litigants.

12

- The Court on its own initiative and without cause threatened the *pro se* Plaintiff with open-ended Rule 37 sanctions, which also had the effect of harassing, intimidating and discouraging the *pro se* Plaintiff (ECF Nos. 55, 66 (including Plaintiff's October 9, 2013 letter response, which the Court did not docket separately)).

- The Court looked the other way when the Defendants failed to protect the confidentiality of Plaintiff's tax return details (ECF No. 60), violating terms of the Court's Protective Order (ECF No. 44) and federal laws protecting the confidentiality of tax returns.

- The Court looked the other way when the Defendants erroneously caused the Court to order a state government agency to release the confidential unemployment insurance files for a completely unrelated party (ECF Nos.51).

## VI. Select Examples of Factual Errors in Court's Decision

1. The Court erred when it stated (Decision, p. 5, lines 9-12) that "...plaintiff also provided [consulting] services for other entities, including the City of St. Lucie, the State of California, the University of Pittsburgh Medical Center, and the City of Harrisburg." Plaintiff did not provide consulting services to any of these entities. These are clients of Defendant RBC Capital Markets, LLC.

2. The Court materially misunderstands (Decision, p. 8, fn. 4) the factual record concerning the Defendants' termination of employees of protected employees (over age 40) when it says "...the termination of employees aged over 40 who reported to Mr. Shields have no bearing on plaintiff's own termination, *even if they actually occurred.*" (Italics added.) The record unequivocally documents the fact that the Defendants' manager Mr. Shields terminated the employment of every employee over age 40, including the Plaintiff, within a 6 month period, and the most senior of those employees was replaced by a person who

was more than 20 years younger.(ECF No. 97, p. 23, ¶2; ECF No. 99, Additional Fact
No. 8, p. 29)

## VII. Conclusion and Request

Respectfully, *pro se* Plaintiff moves for reconsideration because the Defendants'
pleadings and the Court's Decision fail on all counts to meet the Rule 56.1 requirements for
Summary Judgment, and because the integrity of the Court's Decision is compromised by the
cumulative effect of procedural flaws, errors of fact and law, and manifest judicial bias, all of
which, in the final analysis, conspires to deny the *pro se* Plaintiff his right to a fair and efficient
adjudication of his Amended Complaint.

For the foregoing reasons, the *pro se* Plaintiff respectfully requests that the Court grant
his Motion for Reconsideration and vacate its prior decision, thereby permitting this case to
proceed to a trial, whereat the numerous material disputed facts and supporting evidence, and the
veracity of the Plaintiff's and Defendants' claims, may be adjudicated before this Court, and the
parties may realize the promise of fair an efficient administration of justice.

Dated: Hopewell, New Jersey

JANVARY 24, 2014

David Sellers, *Pro se*

David Sellers
24 East Prospect Street
Hopewell, New Jersey 08525

609-466-1354 (land)
609-468-8437 (mobile)
sellers.david@yahoo.com

14

January 24, 2014

**Via USPS Overnight Express Delivery**

United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
*Pro Se* Office
500 Pearl Street, Room 200
New York, New York
10007

Re:   **David Sellers v. Royal Bank of Canada, RBC USA Holdco Corporation, RBC
      Capital Markets Corporation, LLC, and John Does 1-5**
      **Docket No. 12-CV-1577 (KBF)**

Dear Pro Se Office:

Referring to the above-captioned Civil Action, please find enclosed one original executed copy
plus one additional courtesy copy of *pro se* PLAINTIFF'S LOCAL CIVIL RULE 6.3 MOTION
FOR RECONSIDERATION dated January 24, 2014.

Also please find enclosed *pro se* Plaintiff's "Notice of Appeal."

Kindly file these documents as soon as possible.

I am available at your convenience to answer any questions.

Thank you.

Sincerely,

David Sellers *(Pro Se)*
24 East Prospect Street
Hopewell, New Jersey
08525
609-466-1354 (land); 609-468-8437 (mobile)
sellers.david@yahoo.com

Enclosure

cc:   August W. Heckman III; James P. Walsh, Morgan Lewis & Bockius LLP (via USPS
      Priority Mail)